Filed 3/8/24  P. v. Brackett CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER BRACKETT,<br><br>　　　Defendant and Appellant. | A169041<br><br>(Humboldt County<br>Super. Ct. No. CR2103519) |

Defendant Christopher Brackett appeals from an order placing him on probation after he pleaded guilty to a felony count of driving under the influence (DUI).  His appellate counsel asked this court for an independent review of the record to determine if there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After conducting such a review, we requested and received supplemental briefing on whether (1) the trial court erred in imposing a "court fine" of $3,287 and (2) Brackett's four-year probation period was unauthorized.

Having reviewed the parties' briefing, we conclude that remand is required for the trial court to specify the statutory bases for the $3,287 charge.  We also conclude that the four-year probation period is unauthorized and that Brackett may challenge it on remand.  Otherwise, we affirm.

1

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

Brackett was charged with three DUI counts based on a July 2021 incident during which he crashed his car into a utility pole.[1]  In August 2023, under a plea agreement, he pleaded guilty to driving under the influence and admitted four previous DUI convictions.  He also admitted there were aggravating circumstances justifying an upper-term sentence and waived his custody credits.  The remaining counts were dismissed.

At the same August 2023 hearing, the trial court sentenced Brackett to the upper term of three years in prison and suspended execution of the sentence.  He was placed on probation for four years with the condition that he serve 180 days in jail.  The court also imposed various fines and fees, including "the court fine of $3,278."

# II.
## DISCUSSION

### A.  *Remand Is Required for the Trial Court to Specify the Statutory Bases for the $3,278 Charge.*

As the parties agree, the trial court erred by not identifying the statutory bases for the $3,287 "court fine."  As a result, we remand for the court to clarify this monetary charge.

---

[1] Brackett was charged with felony counts of driving under the influence under Vehicle Code section 23152, subdivision (a), and driving with a .08 percent blood alcohol content under Vehicle Code section 23152, subdivision (b), and a misdemeanor count of driving with a suspended license under Vehicle Code section 14601.1, subdivision (a).  As to the felony counts, it was also alleged that (1) Brackett had four prior convictions for DUI offenses within the meaning of Vehicle Code section 23550.5 and (2) various aggravating circumstances might apply under Penal Code section 1170, subdivision (b)(2).  All further statutory references are to the Vehicle Code unless otherwise noted.

2

At sentencing, the trial court imposed "the court fine of $3,287," $1,000 of which it "suspend[ed] . . . pending [Brackett's] successful completion of probation." The court also imposed a $300 restitution fine under Penal Code section 1202.4, subdivision (b), a $40 court operations fee under Penal Code section 1465.8, subdivision (a), and a $30 criminal conviction fee under Government Code section 70373, and it imposed and stayed a $300 probation-revocation restitution fine under Penal Code section 1202.44. The written probation order, which was based on the probation department's proposed order, states that the $3,287 charge is "pursuant to Section 23552" and "includes penalty assessments."

A trial court must "specify the statutory bases for the fine[s], fees, and penalty assessments imposed." (*People v. Hartley* (2016) 248 Cal.App.4th 620, 636.) Courts have some flexibility in how they comply with this duty, but the record must sufficiently identify the statutory authority for each component of each charge. (*Id.* at pp. 636–637.) The "failure to specify the amount and statutory basis for each fine, fee, and penalty assessment is a 'legal error[] at sentencing' that can be reviewed on appeal ' "regardless of whether an objection or argument was raised." ' " (*Id.* at p. 637.)

As the parties agree, the trial court did not comply with this requirement in imposing the $3,287 charge. Section 23552, the statute identified in the written probation order, provides for "a fine of at least three hundred ninety dollars ($390) but not more than one thousand dollars ($1,000)." (§ 23552, subd. (a)(1).) We cannot determine which part of the $3,287 charge represents the base fine and which part represents the penalty assessments, especially since the court stayed $1,000 of it. Thus, remand is required for the court to specify the statutory bases for the charge. (See *People v. Hartley*, *supra*, 248 Cal.App.4th at p. 637.)

3

## B. The Four-year Probation Period Was Unauthorized, and Brackett May Challenge it on Remand.

Brackett claims, and the Attorney General effectively concedes, that the four-year probation period was unauthorized under Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (Assembly Bill No. 1950). But the parties differ on whether Brackett is entitled to have this court modify the unauthorized term in the first instance. We conclude that if Brackett wishes to avoid the term, he must pursue the issue on remand to give the People the opportunity to withdraw from the plea bargain.

Effective January 1, 2021—over two years before Brackett was sentenced—Assembly Bill No. 1950 amended Penal Code section 1203.1 to limit the maximum probation period for felony offenses. (*People v. Kite* (2023) 87 Cal.App.5th 986, 992 (*Kite*).) Under prior law, "the length of felony probation could not exceed five years or the maximum possible sentence of imprisonment, whichever was longer." (*Ibid.*) Now, the statute provides that, with certain exceptions, felony probation "may continue for a period of time not exceeding two years." (Pen. Code, § 1203.1, subds. (a), (*l*).)

One of these exceptions is relevant here: For "an offense that includes specific probation lengths within its provisions," the trial court may grant probation for a period "not exceeding the maximum possible term of the sentence." (Pen. Code, § 1203.1, subd. (*l*)(1).) This exception "includes felonies for which the law specifies only a minimum probation length, even if the minimum is set forth in a different code section from the crime itself." (*Kite*, *supra*, 87 Cal.App.5th at p. 993.) Under section 23600, subdivision (b)(1), if the defendant is granted probation for a violation of section 23152, as Brackett was, "the period of probation shall be 'not less than three nor more than five years; provided, however, that if the maximum sentenced provided for the offense may exceed five years in the state prison,

4

the [probation] period . . . may be for a longer period than three years but may not exceed the maximum time for which sentence of imprisonment may be pronounced.' " (*Kite*, at p. 994, quoting § 23600, subd. (b)(1).)

In *Kite*, the Fourth District Court of Appeal held that "the phrase 'maximum possible term of the sentence' as used in [Penal Code] section 1203.1, subdivision (*l*)(1)[,] refers to the maximum possible term of imprisonment that could be imposed for the offenses, rather than the maximum probation period allowable under any other law specifying a specific probation length." (*Kite*, *supra*, 87 Cal.App.5th at pp. 994–995.) Here, the maximum term for Brackett's offense is three years. (See § 23550.5, subd. (a); Pen. Code, § 1170, subd. (h)(1).) Thus, under *Kite*, the maximum probation period for Brackett's offense is three years, and the four-year period was unauthorized when imposed.

The Attorney General does not contest that the four-year probation period was unauthorized by law. Nonetheless, he claims that Brackett cannot challenge it on appeal, based on both the absence of a certificate of probable cause and principles of estoppel. We are not persuaded.

As relevant here, if a defendant appeals after a guilty plea, a certificate of probable cause is required unless the appeal is based on "[t]he sentence or other matters occurring after the plea . . . that do not affect the validity of the plea." (Cal. Rules of Court, rule 8.304(b)(2)(B); Pen. Code, § 1237.5, subd. (b).) To determine whether an appellate challenge to a sentence is permissible without a certificate of probable cause, " 'the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea.' " (*People v. Buttram* (2003) 30 Cal.4th 773, 781–782.) If a defendant agrees to a specified term as part of a plea, then a challenge to the sentence amounts to "an attack on the validity of the plea, for which a

certificate [is] required." (*Id.* at p. 782.) But "where the terms of the plea agreement leave issues open for resolution by litigation, appellate claims arising within the scope of that litigation do not attack the validity of the plea, and thus do not require a certificate of probable cause." (*Id.* at p. 783.)

The Attorney General claims that under this authority, a certificate of probable cause was required because Brackett's "negotiated plea included a probation period of four years." But the record is ambiguous on this point. On his plea form, Brackett initialed a box acknowledging that if he pleaded guilty to the offense, the trial court would place him on probation for four years. On the other hand, the form also stated that there was an open plea "as to the People," and the prosecutor initialed a box stating that he agreed "with the terms of the plea agreement and the indicated sentence" but handwrote next to this statement, "but open, do not agree with probation." And at the combined plea and sentencing hearing, the trial court stated, "This was an open plea from the People. What the Court had indicated and communicated to both counsel is that I would agree to place [Brackett] on probation after reviewing the probation report as [the probation department was] recommending the same." Based on this record, we conclude that the four-year probation period was not an agreed-upon term, and Brackett's plea was not to a specified sentence under *People v. Buttram, supra,* 30 Cal.4th at p. 782.

Whether Brackett is estopped from challenging the four-year probation period is a closer question. Generally, "defendants may challenge an unauthorized sentence on appeal even if they failed to object below," but this rule is "subject to an exception: Where . . . defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure,

6

so long as the trial court did not lack *fundamental* jurisdiction.  The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*People v. Hester* (2000) 22 Cal.4th 290, 295.)  Although the People did not agree that Brackett should be placed on probation, on the plea form he accepted a four-year probation period.  Thus, he arguably waived his current challenge to that term.

Nevertheless, we conclude that the best course is to permit Brackett to raise the issue on remand, since remand is required anyway.  At the same time, we agree with the Attorney General that Brackett is not entitled to a reduced probation period while otherwise preserving the plea agreement's benefits.  This is not a situation where an intervening change in the law rendered the sentence unauthorized, in which case the prosecution cannot withdraw from a plea deal.  Rather, because Penal Code section 1203.1 was amended well before Brackett was sentenced, the four-year probation period was unauthorized when imposed, and the plea agreement was therefore illegal.  (See *People v. Prudholme* (2023) 14 Cal.5th 961, 974.)  If, on remand, Brackett chooses to challenge the unauthorized term, the People may either accept a reduced probation period or withdraw from the plea agreement.  (See *ibid.*)

III.
DISPOSITION

The matter is remanded for the trial court to specify the statutory bases for the $3,287 charge.  On remand, Brackett may challenge the unauthorized probation period if he chooses to do so.  The judgment is otherwise affirmed.

7

_____

Humes, P.J.

WE CONCUR:


_____

Banke, J.



_____

Langhorne Wilson, J.




*People v. Brackett*  A169041